IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JIMMIE SMITH, # N-30985, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-900-MJR |
| | ) |
| RICK HARRINGTON, | ) |
| CHIEF ADMINISTRATIVE OFFICERS, | ) |
| BETSY SPILLER, COWAN, | ) |
| INTERNAL AFFAIRS, | ) |
| ADMINISTRATIVE REVIEW BOARD, | ) |
| and S.A. GODINEZ, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, currently incarcerated at Menard Correctional Center ("Menard"), has filed a Motion for Preliminary Injunction (Doc. 1), seeking a transfer to another institution. Plaintiff is serving a life sentence for murder. He claims that Defendants have denied his request to be placed in protective custody, thus placing him in danger of attack by fellow inmates. He is presently in segregation after being issued a disciplinary report for "refusing housing" (Doc. 1, p. 2; Doc. 1-1, p. 8).

Because Plaintiff is a prisoner, the Court must conduct a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. However, Plaintiff has not filed a complaint – the only document he has filed is the three-page Motion for Preliminary Injunction at Doc. 1, accompanied by eight pages of exhibits (Doc. 1-1). The Federal Rules of Civil Procedure provide that "[a] civil action is commenced by filing a complaint with the court." FED. R. CIV. P. 3. In other words, "the first step in the action is the filing of the complaint." *Id.*, Advisory

Committee Notes, 1937 Adoption. Although Plaintiff's Motion for Preliminary Injunction generally describes a potential claim, it cannot suffice as a complaint. Indeed, Plaintiff specifically states that he "is not seeking to file a 1983 complaint unless the above parties violate said order of protection [which he requests this Court to enter]" (Doc. 1, p. 3). Although *pro se* litigants are not held to the same standards applied to licensed attorneys, *Kyle v. Patterson*, 196 F.3d 695, 697 (7th Cir. 1999), they are not entitled to general dispensation from the rules of procedure. *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994).

Without a complaint, the Court cannot ascertain the basis for jurisdiction. *See Bell v. Hood*, 327 U.S. 678, 681-82 (1946); *Greater Chicago Combine & Ctr., Inc. v. City of Chicago*, 431 F.3d 1065, 1069-70 (7th Cir. 2005). Nor can the Court determine what causes of action Plaintiff intends to assert against which Defendant. More to the point, the Court cannot consider an application for injunctive relief in the absence of a complaint.

The Court will allow Plaintiff an opportunity to cure the defects in his pleading by filing a complaint within 35 days of the entry of this order. The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Plaintiff is encouraged to use the Court's form complaint as he prepares his pleading.

Without expressing any opinion on the ultimate merits of Plaintiff's claim for relief, the Court concludes that a preliminary injunction should not be issued in this matter at this time.

**IT IS THEREFORE ORDERED** that the Motion for Preliminary Injunction (Doc. 1) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that within 35 days of the date of this order (on or before October 16, 2013), Plaintiff shall file a complaint, thereby properly initiating an action. If

Plaintiff still seeks injunctive relief, he must file a new motion.  Failure to file a proper complaint by the prescribed deadline will result in the dismissal of this action for lack of subject matter jurisdiction; such a dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Furthermore, as directed by the Clerk of Court (Doc. 2), by September 30, 2013, Plaintiff must either pre-pay the $400.00 filing fee for this action or submit a motion for leave to proceed *in forma pauperis* ("IFP"), which has been mailed to him.[1]  A prisoner incurs the obligation to pay the filing fee for a lawsuit when the suit is filed, and the obligation continues regardless of later developments in the suit, such as dismissal of the suit or denial of leave to proceed IFP.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk is **DIRECTED** to mail to Plaintiff a Civil Rights Complaint form and instructions for a person in custody.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **seven (7) days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 11, 2013**

                                                    s/ MICHAEL J. REAGAN
                                                    United States District Judge

---

[1] If Plaintiff applies for and is granted IFP status, the filing fee shall be $350.00.  See Judical Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14.