IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JIMMIE SMITH, # N-30985, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-900-MJR |
| | ) |
| RICK HARRINGTON, | ) |
| CHIEF ADMINISTRATIVE OFFICERS, | ) |
| BETSY SPILLER, COWAN, | ) |
| INTERNAL AFFAIRS, | ) |
| TERRI ANDERSON, | ) |
| and S.A. GODINEZ, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This matter is now before the Court for review of Plaintiff's complaint (Doc. 14), filed on October 7, 2013. Plaintiff is currently incarcerated at Menard Correctional Center ("Menard"), where he is serving a life sentence for murder. Initially, Plaintiff had filed only a motion for preliminary injunction (Doc. 1), followed by several motions seeking emergency injunctive relief, some of which are still pending (Docs. 8, 11, & 16). The Court instructed Plaintiff that he must file a complaint in order for the Court to have jurisdiction to consider his motions for injunctive relief (Docs. 4, 6, 10, & 12). Plaintiff has now complied.

### The Complaint

Plaintiff claims that Defendants have denied his requests to be placed in protective custody. At some point in the past, unnamed Internal Affairs officials had used him as an informant to "snitch" on other inmates (Doc. 14, p. 5). Apparently this activity became known, thus placing him in danger of attack by fellow prisoners. He filed an emergency

grievance on March 10, 2013, asking to sign in to protective custody ("PC"). He was moved to "intake" for protective custody on March 21, 2013. Plaintiff wrote to Defendants Cowan (caseworker) and Spiller (supervisor) about his PC request. Defendant Anderson (Administrative Review Board Chairperson) conducted a videoconference hearing with Plaintiff to consider his request. However, Defendant Godinez (Director of the Illinois Department of Corrections) denied Plaintiff's PC request on June 13, 2013.

On September 27, 2013, Plaintiff was assaulted by two other inmates while on the West Yard (Doc. 14, p. 5).[1] After the attack, Plaintiff tried to sign in to PC, but Defendants Cowan and Spiller denied his PC request. Furthermore, unnamed prison officials denied Plaintiff medical treatment after this incident.

In addition to injunctive relief, Plaintiff seeks compensatory and punitive damages (Doc. 14, p. 6).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendants Cowan, Spiller, Anderson, and Godinez for failure to protect him from the danger of attack by fellow inmates **(Count 1).** This claim will receive prompt consideration by the magistrate judge, as will Plaintiff's pending motions for injunctive relief. Further, Defendant Warden Harrington shall remain in the action for the purpose of implementing any injunctive relief to which Plaintiff may ultimately be entitled if he should prevail. *See Gonzalez v.*

---

[1] Plaintiff's "emergency motion," filed on September 30, 2013, alleges that the inmates who attacked him called him a "stool pigeon/informer" (Doc. 11, p. 1). He reported the attack, and was told it would be investigated.

*Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011) (proper defendant in a claim for injunctive relief is the government official responsible for ensuring any injunctive relief is carried out).

However, Plaintiff has failed to state a claim for deliberate indifference to his need for medical care following the September 27, 2013, attack **(Count 2).** He has not connected this claim to any named Defendant, or to any other individual who allegedly denied his request for medical care. Nor has he described his condition, thus, the Court is unable to determine whether he had a serious medical need for treatment after the attack. Count 2 shall therefore be dismissed without prejudice. If Plaintiff wishes to further pursue this claim, he may submit an amended complaint, within such timeline as the magistrate judge may impose.

**Defendants Chief Administrative Officers and Office of Internal Affairs**

Plaintiff does not make any allegations against any "Chief Administrative Officers" in his complaint. Plaintiffs are required to associate specific defendants with specific claims, so that defendants are put on notice of the claims brought against them and so they can properly answer the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); FED. R. CIV. P. 8(a)(2). Where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him.

Further, Plaintiff does not identify any individuals associated with Internal Affairs who have placed him in danger. The "Office of Internal Affairs" is not an entity that may be sued in a civil rights action, because it is an administrative division within the prison. Only "persons" are subject to suit for causing a violation of a prisoner's civil rights under color of law. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71

(1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 219, 220 n. 3 (7th Cir. 1990) (same). Likewise, neither the Menard Correctional Center nor any of its internal divisions/offices, being part of the Illinois Department of Corrections, can be considered a "person" within the meaning of the Civil Rights Act. *See Will*, 491 U.S. at 71.

For these reasons, Defendant Chief Administrative Officers and Defendant Internal Affairs Office shall be dismissed from the action with prejudice.

**Pending Motions**

Plaintiff's motion for recruitment of counsel (Doc. 15) shall be referred to United States Magistrate Judge Williams for further consideration.

Plaintiff has three pending "emergency motions" seeking a transfer or other injunctive relief as a result of his denial of protective custody (Docs. 8, 11, and 16). Without opinion as to the ultimate merits of the motions, the Court's preliminary review dictates that Plaintiff's requests for injunctive relief deserve prompt consideration. Plaintiff's motion requesting the Court to act immediately on his emergency requests (Doc. 17) is **GRANTED**, as described below.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c), Plaintiff's emergency motions for injunctive relief (Doc. 8, 11, and 16) are hereby **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for an evidentiary hearing and issuance of a report and recommendation. Personal service on the Defendants shall be ordered. Judge Williams shall

set an evidentiary hearing as soon as practicable, in light of the time necessary to effect service of summons and for receipt of the Defendants' responses to the motions for injunctive relief. Any motions filed after the date of this Order that relate to the request for injunctive relief or seek leave to amend the complaint are also hereby **REFERRED** to Judge Williams.

**Disposition**

COUNT 2 is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Defendants **CHIEF ADMINISTRATIVE OFFICERS** and **INTERNAL AFFAIRS** are **DISMISSED** from this action with prejudice.

The Clerk of Court is **DIRECTED** to complete, on Plaintiff's behalf, a summons and form USM-285 for service of process on Defendants **HARRINGTON, SPILLER, COWAN, ANDERSON,** and **GODINEZ.** The Clerk shall issue the completed summons, and prepare a service packet for each Defendant consisting of: the completed summons, the completed form USM-285, a copy of the complaint (Doc. 14), a copy of the motions for injunctive relief (Docs. 8, 11, and 16), and this Memorandum and Order. The Clerk shall deliver the service packets for each Defendant to the United States Marshal Service for personal service on each Defendant.

Pursuant to Federal Rule of Civil Procedure 4, **within 14 days of the date of this Order**, the United States Marshals Service **SHALL personally serve** upon Defendants **HARRINGTON, SPILLER, COWAN, ANDERSON,** and **GODINEZ**, the service packets containing the summons, form USM-285, a copy of the complaint (Doc. 14), a copy of the motions for injunctive relief (Docs. 8, 11, and 16), and this Memorandum and Order. All costs of service shall be advanced by the United States, and the Clerk shall provide all necessary materials and copies to the United States Marshals Service. The Court will not require

Defendants to pay the full costs of formal service, as the Court is ordering personal service to expedite the resolution of Plaintiff's motions for injunctive relief.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Stephen C. Williams** for further pre-trial proceedings, which shall include a determination on the pending motion for recruitment of counsel (Doc. 15).

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into

a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff.  Local Rule 3.1(c)(1).

**IT IS SO ORDERED.**

**DATED: October 22, 2013**

s/ MICHAEL J. REAGAN
United States District Judge