IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JIMMIE SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| RICK HARRINGTON, | )   Case No. 13–cv–0900–MJR–SCW |
| BETSY SPILLER, | ) |
| COWAN, | ) |
| S.A. GODINEZ, and | ) |
| TERRI ANDERSON, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

REAGAN, District Judge:

Pursuant to 42 U.S.C. § 1983, Jimmie Smith has sued for, *inter alia*, equitable relief against officials in the Illinois Department of Corrections (IDOC) in the form of a transfer away from Menard Correctional Center (or at least into protective custody). According to his Complaint, his status as an informer has made him a target for other prisoners, and he is in imminent danger—a fact toward which Defendants are acting with deliberate indifference.

Plaintiff filed myriad motions for preliminary injunctive relief, all of which were taken up by Magistrate Stephen C. Williams in a November 2013 hearing. Under 28 U.S.C. §§ 636(b)(1)(B) and (c), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a), Judge Williams filed a Report and Recommendation ("R&R") in

which he recommends denial of Plaintiff's motions because Plaintiff has not shown he is likely to succeed on the merits of his underlying claim.

Plaintiff filed a timely objection to the R&R,[1] re-iterating the position in his motions and taking issue with two of Judge Williams' credibility findings. Plaintiff also challenged Judge Williams' denial of a motion for leave to amend his complaint, and moved for the Court to recruit him counsel. Taking Plaintiff's various arguments in turn, the undersigned fully ADOPTS (Doc. 59) Judge Williams' R&R, DENIES Plaintiff's Motions for Injunctive Relief (Doc. 8, Doc. 11, Doc. 16, Doc. 31, and Doc. 38), and DENIES (Doc. 63) Plaintiff's Motions to Reconsider and to Recruit Counsel.

### R&R ADOPTED: INJUNCTIVE RELIEF DENIED

#### 1. *Legal Standards*

The undersigned must make a *de novo* determination of portions of the R&R to which Plaintiff has lodged an objection. **28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); SDIL-LR 73.1(b).** A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." **28 U.S.C. § 636(b)(1).**

While the Court undertakes *de novo* review of the R&R portions to which a party objects, the Court gives great deference to Judge Williams' factual findings and credibility determinations. *Pavey v. Conley*, 663 F.3d 899, 904 (7th Cir. 2011) **(affirming the factual findings of a magistrate judge, whose R&R included findings that Plaintiff was not credible).** *See also Towns v. Holton*, 346 F.App'x 97, 100 (7th

---

[1] Defendants replied at Doc. 69.

2

Cir. 2009) (great deference to credibility findings based on demeanor); *Goffman v. Gross*, 59 F.3d 668, 671 (7th Cir. 1995) ("[D]*e novo determination* is not the same as a *de novo hearing*. The district court is not required to conduct another hearing to review the magistrate judge's findings or credibility determinations.") (emphasis added).

### 2. Analysis

Judge Williams correctly articulated the operative legal standards pertinent to the instant motions. To win a preliminary injunction (an extraordinary and drastic remedy), a movant must show (1) likelihood of success on the merits; (2) likelihood he will suffer irreparable harm without the injunction; (3) the harm he would suffer is greater than the harm an injunction would inflict on the non-movant; and (4) the injunction is in the public interest. *Judge v. Quinn*, 612 F.3d 537, 546 (7th Cir. 2010). Here, success on the merits means success on Plaintiff's underlying Eighth Amendment claims: Plaintiff will be required to show Defendants had actual knowledge of an impending harm easily preventable, so that a conscious, culpable refusal to prevent the harm can be inferred from their failure to prevent it. *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). Failure to provide protection constitutes an Eighth Amendment violation only if it effectively condones an attack by allowing it to happen. *Id.*

Judge Williams concluded Plaintiff is unlikely to succeed on the merits. According to the pleadings, motions, and testimony presented at the evidentiary hearing, Plaintiff first requested protective custody in March 2013. Protective

custody status was denied in April 2013 because Plaintiff did not identify any specific threat to his safety. Plaintiff filed an identical request (and got an identical negative response) in August 2013. In September 2013, Plaintiff was assaulted on Menard's basketball courts, but he has not renewed his requests for protective custody.

Two credibility findings lay at the heart of Judge Williams' recommendation. First, Judge Williams credited Defendant Cowan's testimony that Plaintiff could, at any time, seek protective custody through many methods, both formal (i.e. an emergency grievance) and informal (i.e. a "kite," or passed note, to Cowan).[2] Secondly, in light of Cowan's position that multiple options for requesting protective custody were available, Judge Williams' found Plaintiff's claim that he attempted to pursue protective custody *after* the basketball court assault (but was thwarted by guards) not credible. Judge Williams also noted Plaintiff's testimony that he wanted to wait and see what the Court decided before requesting protective custody status again. (Such a request would, according to Cowan, offer Plaintiff an opportunity to check into intake status in protective custody). Because Menard officials did not ignore knowledge to the extent they effectively condoned the September attack, and have not had occasion to review a protective custody request after Plaintiff was assaulted (presumably enough information to raise their awareness of the threat to Plaintiff), Judge Williams concluded Plaintiff's likelihood of eventual success on the merits is low.

---

[2] Judge Williams also credited Cowan's testimony that she never received a followup letter regarding Plaintiff's April 2013 request for protective custody.

The undersigned is loath to disturb Judge Williams' credibility findings. *See Blakes v. Foutch*, No. 11–cv–0932–GPM, 2013 WL 5288158, at *3 (S.D. Ill. Sept. 18, 2013) (citing *Kraushaar v. Flanigan*, 45 F.3d 1040, 1052–53 (7th Cir. 1995)) ("Magistrate judges are in the best position to assess a witness's credibility because they have the opportunity to observe the verbal and nonverbal behavior of the witnesses … including their reactions and responses to the interrogatories, their facial expressions, attitudes, tone of voice, eye contact, posture and body movements."). But even examining the testimony and exhibits *de novo*, the Court cannot find a sequence of events that would, as a matter of law, make it likely that Plaintiff would prevail on his Eighth Amendment failure-to-protect claim. Prison officials, in March and August 2013, only knew of Plaintiff's general complaints about safety, and Plaintiff has not given them an opportunity to review the most recent turn of events (a beating by two specific inmates, purportedly because they knew he had been acting as an informant to Internal Affairs). It is not impossible that Plaintiff could prevail on his claim, but neither is it likely. Plaintiff has not carried his burden to clearly show he is entitled to the "extraordinary and drastic remedy" of a preliminary injunction. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

Additionally, and perhaps more importantly, Plaintiff does not contest Cowan's assertion that, were Plaintiff to request protective custody tomorrow, he would be placed in intake protective custody status immediately. Indeed, Plaintiff describes that very sequence with regards to his March 2013 request: from the

moment he signed in for protective custody, he was in intake status and had no physical contact with general population inmates. (Doc. 54, 22:16–25). In other words, Plaintiff can avoid irreparable harm simply by requesting protective custody again, further undermining his attempt to secure a preliminary injunction here.

Plaintiff has not made a clear showing that he is either likely to succeed on the merits or that he is likely to suffer irreparable harm absent an injunction. His motions for preliminary injunctive relief will be denied.

### APPEAL OF MAGISTRATE JUDGE DECISION: DENIED

In a December 2013 order, Judge Williams denied Plaintiff, who did not follow the Local Rules' procedures or the undersigned's directives not to file piecemeal amendments—leave to file either of two amended complaints (Doc. 56). Plaintiff has appealed Judge Williams' order.

The Court may modify or reverse a decision of a magistrate judge on a nondispositive issue upon a showing that the magistrate judge's decision is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). *See also* FED. R. CIV. P. 72(a); SDIL-LR 73.1(a). A finding is clearly erroneous when the reviewing court, on the entire evidence, is left with the definite and firm conviction that a mistake has been committed. *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985). When performing clear error review, the district court should not overturn a magistrate judge's decision merely because the district judge would have independently come to a different conclusion. *See id.*

Here, Judge Williams' decision was entirely sound. Plaintiff did not, as Local Rule requires, underline all new material in either amended pleading, **SDIL-LR 15.1**, and it is unclear whether the two proposed amendments are meant to be read together, separately, or in conjunction with the original. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004) (**amended complaint supersedes and renders void the original**). Plaintiff is not prejudiced by this decision: as Judge Williams instructed, he may seek to file an Amended Complaint that includes his original allegations and his new (underlined) ones. Of course, any new complaint will be subject to frivolity review; Plaintiff should not include allegations that were dismissed in the undersigned's initial § 1915A Order (*see* Doc. 18).

Plaintiff's appeal of Judge Williams' decision to deny Leave to Amend (Doc. 63) is DENIED.

### MOTION TO RECRUIT COUNSEL: DENIED

Though there is no right to court-appointed counsel in federal civil litigation, a district court may ask attorneys to represent indigent litigants on a volunteer basis. *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (citing *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007) (en banc)). The standard in deciding to recruit counsel is twofold: (1) has the litigant attempted to obtain counsel himself or been precluded from doing so, and if so (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *Id.*

In December 2013, Magistrate Judge Williams declined to recruit counsel for Plaintiff because he failed to make either showing. Now, swearing that he has asked four attorneys to represent him but been rejected every time, Plaintiff moves again for recruited counsel. Plaintiff has triggered the first prong by showing he has made reasonable attempts to obtain counsel on his own.

Even so, Plaintiff's competency to litigate his case warrants denial of the instant motion. In denying Plaintiff's earlier requests, Judge Williams noted Plaintiff's competence during the evidentiary hearings regarding his requests for injunctive relief. The undersigned agrees: a review of the pleadings, the hearing transcript, and Plaintiff's motions indicate that Plaintiff is capable of presenting his case to the judge at this stage of the case. The Eighth Amendment law governing Plaintiff's case is straightforward, as are the factual allegations Plaintiff has made. Plaintiff's ultimate argument is that he does "not have a law degree," but that is not the standard. *See Luttrell v. Nickel,* 129 F.3d 933, 936 (7th Cir. 1997) (if that were the test "district judges would be required to request counsel for every indigent litigant."). The undersigned accordingly **DENIES without prejudice** Plaintiff's request for recruitment of counsel, and advises that he is free to renew his request should this case increase in complexity.

## CONCLUSION

For the reasons articulated above, the undersigned **ADOPTS IN FULL (Doc. 59)** Judge Williams' Report & Recommendation. Plaintiff's Motions for Injunctive Relief (**Doc. 8, Doc. 11, Doc. 16, Doc. 31, and Doc. 38**) are **DENIED**. Likewise,

Plaintiff's Motion to Reconsider the denial of leave to amend his complaint (**Doc. 63**) is **DENIED**, and his motion for recruitment of counsel (**Doc. 63**) is **DENIED without prejudice**.

        IT IS SO ORDERED.
        DATE: <u>July 17, 2014</u>                      <u>s/ *Michael J. Reagan*</u>
                                                           MICHAEL J. REAGAN
                                                           United States District Judge