IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JIMMIE SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| RICK HARRINGTON, ) | Case No. 13–cv–0900–MJR–SCW |
| BETSY SPILLER, ) | |
| COWAN, ) | |
| S.A. GODINEZ, and ) | |
| TERRI ANDERSON, ) | |
| ) | |
| Defendants. ) | |

# ORDER

**REAGAN, District Judge:**

This § 1983 civil rights claim is before the Court on *pro se* Plaintiff Jimmie Smith's motion "to remove" the undersigned from his case. Smith cites 28 U.S.C. § 144, which requires:

> Whenever a party to any proceeding in a district court makes and files a sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice against him or in favor of any adverse party, such judge shall proceed no further therein … The affidavit shall state the facts and the reasons for the belief that bias or prejudice exists.

A court may only credit facts that are sufficiently definite and particular to convince a reasonable person that bias exists; simple conclusions, opinions, or rumors are insufficient. **Hoffman v. Caterpillar, Inc., 368 F.3d 709, 718 (7th Cir. 2004).** The statute's requirements are strictly construed to prevent abuse. *Id.* A motion like the instant one is generally considered a motion to disqualify—*actual bias* must be shown by allegations that include definite times, places, persons, and circumstances. *Id.*

Rather than include facts that show actual bias against him, Plaintiff simply posits that the undersigned's denial of his motion for a preliminary injunction (in which he sought protective

1

custody status and/or a transfer) warrants disqualification from the case.  It is well established that judicial rulings alone "almost never constitute valid basis for a bias or partiality motion."  *Marozsan v. U.S.*, 90 F.3d 1284, 1290 (7th Cir. 1996) (quoting *Liteky v. United States*, 510 U.S. 540, 554–56 (1994)).  "Almost invariably," judicial rulings "are the proper grounds for appeal, not for recusal."  *Liteky*, 510 U.S. at 555.  Plaintiff has brought forth no facts, other than his disappointment at the undersigned ruling, to show actual bias.  His motion (**Doc. 76**) is **DENIED**.

**IT IS SO ORDERED.**
**DATE: August 1, 2014**                          s/ *Michael J. Reagan*
                                                                  **MICHAEL J. REAGAN**
                                                                  United States District Judge