IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JIMMIE SMITH, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| RICK HARRINGTON, BETSY SPILLER, COWAN, S.A. GODINEZ, and TERRI ANDERSON, | ) Case No. 13–cv–0900–MJR–SCW ) ) ) ) ) |
| Defendants. | ) |

## ORDER DENYING SECOND MOTION TO DISQUALIFY

**REAGAN, District Judge:**

In July 2014, the undersigned adopted a Report and Recommendation from the magistrate judge, thereby denying *pro se* Plaintiff's motions for injunctive relief. (Plaintiff had sought a transfer away from Menard Correctional Center, or to protective custody). Plaintiff's motion was denied because he had not given prison officials a chance to review specific threats against him (in the wake of a basketball court beating) or requested protective custody since being assaulted, thereby lessening his likelihood to succeed on the merits of his deliberate indifference claim *and* subverting the notion that he needed a preliminary injunction to avoid irreparable harm. (*See* Doc. 73).

1

On July 31, Plaintiff filed a motion "to remove" the undersigned district judge. That motion, which was based on Plaintiff's disappointment about the outcome of his motions for preliminary injunction, was denied the next day. (Doc. 79). Now Plaintiff has renewed his request that the Court disqualify itself.

Plaintiff's motion offers no reason to consider disqualification. Plaintiff posits that the Court is simply ignoring the fact he was beaten and has enemies inside the prison. That is not the case: as clearly stated in the order denying Plaintiff injunctive relief, he is not entitled to the dramatic remedy of a preliminary injunction because he is unlikely to succeed at substantiating his *federal deliberate indifference claim,* not at substantiating whether he was beaten or has known enemies. This Court's application of the facts to controlling legal standard is part of the overwhelming majority of judicial rulings that "are proper grounds for appeal, not for recusal." *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Plaintiff's motion (Doc. 80) is **DENIED**, and Plaintiff is warned: further redundant motions[1] may necessitate the Court to exercise its inherent power to ensure that "[f]rivolous, vexatious, and repeated filings by *pro se* litigants [do not] interfere with the orderly administration of justice by diverting scarce judicial resources…" *U.S. ex rel. Verdone v. Circuit Court for Taylor Cnty.*, 73 F.3d 699, 671 (7th Cir. 1995).

IT IS SO ORDERED.
DATE: <u>August 12, 2014</u>   s/ *Michael J. Reagan*
MICHAEL J. REAGAN
United States District Judge

---

[1] The Court has also denied three motions concerning Plaintiff's court fees.